THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID JONES, | ) |
| Petitioner, | ) |
| v. | ) NO. 5:06-CR-19 (MTT) |
| | ) NO. 5:10-CV-90081 (MTT) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle (Doc. 99) on Petitioner David Jones' Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 81). The Petitioner has not objected to the Recommendation. The Court has reviewed the Petitioner's motion, the Respondent's responses and the Recommendation. Although, some clarification of the Recommendation is required, the ultimate conclusion reached in the Recommendation remains the same. The Recommendation is adopted, and the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

The Petitioner alleges that his counsel was ineffective for (1) misinforming the Petitioner that he would only be sentenced to five years in prison and (2) failing to file an appeal after the Petitioner requested that his counsel do so. The Recommendation's reasoning with regard to Ground One is adopted in its entirety. However, the Recommendation regarding Ground Two requires additional analysis to explain more clearly no evidentiary hearing is required.

In Ground Two, the Petitioner alleges that his counsel was ineffective for failing to file an appeal after the Petitioner requested counsel to do so. Ordinarily, an evidentiary hearing is necessary to determine whether a petitioner did or did not direct or ask his attorney to file a direct appeal. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court determined that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. Thus, *Roe* requires courts to determine whether the attorney consulted with the client regarding the advantages and disadvantages of filing an appeal and made an effort to determine the client's wishes. *Id.* at 478; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). If the attorney ignores the client's wish to appeal the case, the attorney's performance is per se unreasonable. *Id.* In such cases, the Court would ordinarily hold an evidentiary hearing to determine whether the petitioner requested that his attorney appeal on his behalf. However, a hearing is not required when a petitioner's claims are affirmatively contradicted by the record. *Vick v. United States*, 730 F.2d 707 (11th Cir. 1984).

The record in this case provides sufficient evidence to determine the merits of the Petitioner's allegations without the need for an evidentiary hearing. The Petitioner contends that he instructed counsel to appeal immediately following sentencing on June 8, 2008, and in a letter dated June 6, 2008.[1] Although the Petitioner refers to the letter as an attachment to various filings, the letter is not attached to any of the Petitioner's pleadings, the Petitioner has not presented any other evidence of the letter. However,

---

[1] The Petitioner asserts that the letter is dated June 8, 2008 in one of his pleadings as well. (Doc. 87 at 1). Whether the letter was dated June 6 or June 8 is irrelevant to the Court's analysis.

even assuming the Petitioner did, in fact, send such a letter, the Petitioner signed and filed a waiver of appellate rights dated June 12, 2008. (Doc. 75). In the waiver, he acknowledged that he spoke with counsel about his appellate rights and the waiver of those rights contained in the plea agreement. Further, the waiver stated that the Petitioner was filing the Waiver of Appellate Rights to acknowledge that he was not pursuing an appeal. (Doc. 75). Thus, even if the Petitioner's letter actually exists, he indicated to counsel, through the waiver of appellate rights signed after the alleged letter was dated, that he did not want counsel to file an appeal in his case. Accordingly, no evidentiary hearing is needed, and the Petitioner is not entitled to relief on his claim that counsel failed to appeal his sentence after having been instructed to do so. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**. (Doc. 81).

    **SO ORDERED**, this the 7th day of June, 2012.

    S/ Marc T. Treadwell
    MARC T. TREADWELL, JUDGE
    UNITED STATES DISTRICT COURT